IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| vs. | : | |
| | : | |
| KAREEM DARBY | : | NO.  06-220-1 |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                        **NOVEMBER 16, 2007**

This matter is before the Court on Kareem Darby's Motion to Withdraw his Plea of Guilty.

On February 5, 2007, Defendant Darby appeared before this Court and entered a guilty plea.  February 5, 2007, was also the date on which the parties were to litigate pre-trial motions, and if necessary, proceed to trial.  The government had its witnesses present for both the suppression hearing and the trial.  At that time the Defendant agreed to the following factual basis to support the guilty plea:

> "[o]n August 8th of 2005, Mr. Darby was inadvertently released from State custody with approximately one year remaining on his sentence. Several attempts were made by the Philadelphia Sheriff's Department to contact Mr. Darby, to have him turn himself in.  Although Darby was reached by telephone, he never turned himself in.
>
> On August 22nd, 2005, the Honorable James Fitzgerald, III, issued a bench warrant for Mr. Darby's arrest.  This fugitive case was assigned to the Philadelphia Sheriff's Deputies Eddie Velez and Ralph Lake.
>
> On September 27, 2005, at approximately 4:00 a.m., Sheriff's Deputies Velez and Lake were conducting surveillance at 4066 Balwynne Park Road, the home of Carmella Carson.  Carson was the girlfriend of Mr. Darby at the time.

> At approximately 5:00 a.m., Mr. Darby was observed leaving the apartment through a rear door. Mr. Darby walked to a car parked behind the residence in a public driveway and opened the trunk. At this time, Deputy Lake approached Mr. Darby and identified himself.
>
> Mr. Darby looked at Lake and made a throwing motion toward the interior of the trunk. Lake was unable to see what Darby threw into the car. However, he heard a thud which he believed was consistent with a heavy object hitting the floor of the trunk. Mr. Darby then took off running leaving the trunk open. Both Lake and Velez gave chase.
>
> As the deputies pursued Mr. Darby, he ran into a wooden area behind Ms. Carson's home. The deputies heard Darby yell as if he had injured himself. The deputies continued to search for Mr. Darby in the wooded area. Darby was located hiding under the brush in the wooded area. Darby was arrested and searched incident to his arrest by Deputy Velez. Velez located 97 packets of cocaine base, crack, inside of Darby's pocket. The total weight of the cocaine base, crack, was 8.092 grams."

N.T. 14-16, 2/5/07.

On May 23, 2007, Defendant Darby filed two pro se motions. One for the withdrawal of his guilty plea and the second for the appointment of new counsel. On May 30, 2007, we held a status conference to determine the extent of our problem.

On May 31, 2007, Defendants' motion for appointment of new counsel was granted. Patrick J. Egan was selected to represent him.

On October 1, 2007, a hearing was held on the motion to withdraw.

FINDINGS OF FACT FROM HEARING ON OCTOBER 1, 2007

1. Dina Chavar was the first attorney from the Federal Defender's Association to enter an appearance for Darby. She has been an Assistant Federal Defender for four years in the trial unit and prior to that in the appeal unit since 1995. N.T. 37, 10/1/07. She has tried eight

cases and prepared an additional 20 cases for trial.  N.T. 38, 10/1/07.  She also dealt with numerous pretrial motions in connection with those cases.  N.T. 39, 10/1/07.

       2.  Chavar never told Darby that he had no chance to win the case, but did tell him that she did not think it likely that he could win.  N.T. 51, 10/1/07.  She prepared a motion to suppress and recommended to the Defendant that it not be filed.  She discussed this with the Defendant who agreed.

       3.  Ms. Chavar does not recall Darby ever expressing a desire to pursue a motion to dismiss for lack of jurisdiction or selective prosecution.  N.T. 52, 53, 10/1/07.

       4.  Ms. Chavar would not have told Darby that she would not file certain motions for him.  N.T. 54, 10/1/07.

       5.  When Dina Chavar turned the case over to Nina Spizer it was ready for trial and Ms. Chavar was prepared to try the case.  N.T. 54, 10/1/07.

       6.  When the case was transferred from Ms. Chavar to Ms. Spizer on January 10, 2007, the case was ready for trial.  N.T. 68, 10/1/07.  At that time both attorneys went to see Mr. Darby.  N.T. 69, 10/1/07.  Neither attorney ever told Darby that he would get 20 years in prison.

       7.  Nina Spizer has been an Assistant Federal Defender for two years and prior to that time she was employed in the same capacity in the State system for eight years.  N.T. 66, 10/1/07.  Ms. Spizer estimated that she has tried over 100 bench trials and 30 jury trials.  N.T. 66, 10/1/07.  In addition she estimates that she has processed well over 100 pretrial motions.  N.T. 67, 10/1/07.

       8.  Over a two week period after being assigned this case Ms. Spizer discussed the possibility of a plea under Fed. R. Crim. P. 11(c)(1)(B) with the Defendant.  She reviewed the

Plea Agreement, that he ultimately signed, with him on February 2, 2007. N.T. 74, 75, 10/1/07. At the time she reviewed the Plea Agreement with Mr. Darby she advised him that the government had added additional witnesses to its list after which he indicated that he wanted to plead guilty. N.T. 75, 10/1/07. They went through the Agreement paragraph by paragraph. She reviewed the Appellate waiver provisions with him and he had no questions about that. Ms. Spizer was satisfied after the meeting that Darby understood the Agreement. N.T. 74-76, 10/1/07.

9. After she was finished reviewing the Agreement with Darby he indicated that he wanted to speak to his mother about it prior to signing it. N.T. 76-77, 10/1/07. At that time the case had been prepared for trial by the defense and Ms. Spizer was ready to try the case. N.T. 77, 10/1/07.

10. Kenneth Edelin is an Assistant Federal Defender. Mr. Edelin assisted in preparing the defense of the case at various times. N.T. 102, 10/1/07. On February 2, 2007, Mr. Edelin met with Mr. Darby after Mr. Darby had spoken with his mother about the Plea Agreement. N.T. 103, 10/1/07. Mr. Darby at that time told Mr. Edelin that he was ready to sign the Agreement. Mr. Darby had no questions of Mr. Edelin about the Agreement. N.T. 104, 10/1/07.

11. Darby is 31 years of age and according to the Presentence Report has eight prior convictions plus seven prior arrests that did not result in convictions. N.T. 4, 2/5/07; Presentence Investigation Report. Therefore, it cannot be said that Darby was overwhelmed by the circumstances in which he found himself.

12. At his guilty plea hearing Darby stated that he was satisfied with his counsel. N.T. 4, 2/5/07.

13. Darby acknowledged the waiver of his appeal rights both at his plea of guilty colloquy and in the written Plea Agreement which he acknowledged signing. N.T. 10, 12, 2/5/07.

14. When asked at the guilty plea colloquy if he had any questions of the Court as to the Plea Agreement, Darby responded in the negative. N.T. 12, 2/5/07. Immediately thereafter he said that he did have a question but asked the question in private to his attorney, not to the Court. After conferring with his attorney he said he had no questions. N.T. 13, 2/5/07.

15. At the hearing on his motion to withdraw his guilty plea, Darby testified under oath that the question he asked his attorney was "the question was, me entering a guilty plea, did it preclude any subsequent appeals and I took it under advisement with Ms. Spizer, and she said don't worry about it, its - - its a sentencing - - after sentencing issue." N.T. 12, 10/1/07.

16. Defense counsel filed at least four pretrial motions. See Doc. Nos. 26, 27, 28 and 29.

When asked about that off the record conversation during the guilty plea colloquy Ms. Spizer testified that Darby never mentioned appeal at the guilty plea. N.T. 99, 10/1/07. She further testified that he asked her if a drug treatment program could be put into the Plea Agreement. N.T. 99, 10/1/07.

CONCLUSIONS OF LAW

1. Once accepted, a guilty plea may not automatically be withdrawn at the defendant's whim. See United States v. Martinez, 785 F.2d 111(3d Cir. 1986). Rather, a defendant must have a fair and just reason for withdrawing a plea of guilty. See Fed. R. Crim. P. 32(e). We look to three factors to evaluate a motion to withdraw: (1) whether the defendant asserts her innocence; (2) whether the government would be prejudiced by the withdrawal; and (3)

the strength of the defendant's reason to withdraw the plea. United States v. Huff, 873 F.2d 709, 711 (3d Cir. 1989); U.S. v. Brown, 250 F.3d 811-815, (3d Cir. 2001).

    2. During the hearing on the withdrawal of the guilty plea the Defendant did state at various times either that he was innocent or not guilty. He never offered to tell us what his defense was nor did he point to any facts which would establish a defense. As stated in the case of United States v. Jones, 979 F.2d 317, 318 (3d Cir. 1992) "in assessing a defendant's claim of legal innocence for purposes of withdrawal of a guilty plea, we must first examine whether the defendant has asserted his or her factual innocence. See Huff, 873 F.2d at 712 (rejecting claim of innocence where defendant failed to deny that he was at the scene of the crime or that he committed the offense). Bald assertions of innocence, however, are insufficient to permit a defendant to withdraw her guilty plea. See United States v. Salgado-Ocampo, 159 F.3d 322, 326 (7th Cir. 1998). Assertions of innocence must be buttressed by facts in the record that support a claimed defense. Id. (citations omitted). In addition to reasserting her innocence, a defendant must give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea."

    3. Darby never presented evidence that he did not possess a firearm nor the illegal drugs in question. His statements merely contradict the record and are simply conclusory. See United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir. 1992). Therefore, Darby has failed to meaningfully reassert his innocence or explain his contradictory positions taken at the guilty plea hearing and the withdrawal hearing.

    4. In considering the strength of the Defendant's reason to withdraw the guilty plea we look to Darby's counsel's position in his post hearing brief in support of motion to

support the guilty plea which stated the following:

> Mr. Darby's belief that no one would present a defense for him was founded upon the position taken by his counsel at the time. They had made it clear that they would not pursue certain motions he wished to be pursued. In addition, he had received substitute counsel shortly before the trial. That counsel, Nina Spizer, Esquire, testified that on the Friday before trial she came to visit Mr. Darby and advised him that the bulk of his legal defenses were devoid of merit and his outlook was exceedingly bleak. (N.T. October 1, 2007 pp. 94-96). Mr. Darby sensed an unwillingness to vigorously defend him. Faced with the prospect of going to trial with counsel who did not have faith in his defenses, he hastily accepted the guilty plea. Thus, his basis for withdrawal is sufficient.

5. The Defendant's claim that he entered the plea of guilty because his counsel was not ready, willing and able to vigorously defend him at trial is not credible. If Darby actually believed or thought, that his counsel had in effect abandoned him at the time of his guilty plea colloquy, he would not have remained silent when asked by the Court:

> Q    You're entitled to the representation of counsel, not only for this proceeding but all through to the end of the trial and on appeal. Do you understand that?
>
> A    Yes.
>
> Q    You do have counsel. Are you satisfied with counsel?
>
> A    Yes.

N.T. 4, 2/5/07.

6. Defendant's claim that he entered the guilty plea partly because defense counsel told him they would not pursue certain pretrial motions is not credible. If defense counsel had actually told Darby that they would not pursue certain motions it is difficult to believe that he would have given the following answers in the plea colloquy:

>    Q    That if you enter a plea of guilty, you will be waiving, that is, giving up your right to challenge the manner of your arrest, the manner in which the Government obtained evidence against you, any methods used by them to obtain evidence and any proceedings that have taken place before a Magistrate prior to today.
>
>    Do you understand that:
>
>    A    Yes.
>
>    Q    And there were motions filed by your counsel. Do you understand that those motions will not be pursued now if you enter a plea of guilty. Do you understand that?
>
>    A    Yes.

N.T. 5, 2/5/07.

    7. Because Kareem Darby has failed to establish that he has effectively asserted his innocence and failed to establish a valid reason to withdraw his guilty plea, the government need not make a showing of prejudice. <u>U.S. v. Martinez</u>, 785 F.2d 111, 113 (3d Cir. 1986).

    We therefore enter the following Order.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| vs. | : | |
| | : | |
| KAREEM DARBY | : | NO.  06-220-1 |

**O R D E R**

      **AND NOW,** this  16th   day of November, 2007, Defendant Kareem Darby's Motion to Withdraw his Guilty Plea (Doc. No. 39) is hereby **DENIED**.

BY  THE  COURT:

 /s/ Robert F. Kelly
ROBERT  F. KELLY
SENIOR  JUDGE