IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| vs. | : | |
| KAREEM DARBY | : | NO. 06-220-1 |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**  JANUARY 4, 2011

Presently before this Court is Petitioner Kareem Darby's ("Darby") pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). For the reasons set forth below, this Motion is denied.

## I. PROCEDURAL HISTORY

Darby was charged by a federal grand jury with the following: one count of possession of five or more grams of cocaine base ("crack") in violation of 21 U.S.C. § 846 (a)(1); possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 924(c); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922 (g)(1). On February 5, 2007, Darby appeared before this Court and entered a guilty plea. At that time, Darby agreed to the following factual basis to support the guilty plea:

> [o]n August 8th of 2005, Mr. Darby was inadvertently released from State custody with approximately one year remaining on his sentence. Several attempts were made by the Philadelphia Sheriff's Department to contact Mr. Darby, to have him turn himself in. Although Darby was reached by telephone, he never turned himself in.

> On August 22nd, 2005, the Honorable James Fitzgerald, III, issued a
> bench warrant for Mr. Darby's arrest. This fugitive case was assigned
> to the Philadelphia Sheriff's Deputies Eddie Velez and Ralph Lake.
> On September 27, 2005, at approximately 4:00 a.m., Sheriff's Deputies
> Velez and Lake were conducting surveillance at 4066 Balwynne Park
> Road, the home of Carmella Carson. Carson was the girlfriend of Mr.
> Darby at the time.
>
> At approximately 5:00 a.m., Mr. Darby was observed leaving the
> apartment through a rear door. Mr. Darby walked to a car parked
> behind the residence in a public driveway and opened the trunk.
> At this time, Deputy Lake approached Mr. Darby and identified
> himself.
>
> Mr. Darby looked at Lake and made a throwing motion toward the
> interior of the trunk. Lake was unable to see what Darby threw into
> the car. However, he heard a thud which he believed was consistent
> with a heavy object hitting the floor of the trunk. Mr. Darby then
> took off running leaving the trunk open. Both Lake and Velez gave
> chase.
>
> As the deputies pursued Mr. Darby, he ran into a wooden area behind
> Ms. Carson's home. The deputies heard Darby yell as if he had
> injured himself. The deputies continued to search for Mr. Darby
> in the wooded area. Darby was located hiding under the brush in
> the wooded area. Darby was arrested and searched incident to his
> arrest by Deputy Velez. Velez located 97 packets of cocaine base,
> crack, inside of Darby's pocket. The total weight of the cocaine
> base, crack, was 8.092 grams.

(N.T. 14-16, 2/5/07.)

Darby entered the plea pursuant to a written guilty plea agreement with the government. The parties agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(c), that Darby should be sentenced to 120 months imprisonment for the offenses. Darby agreed that, with very little limited exceptions, he would neither appeal nor present any collateral challenge to his

2

conviction or sentence.[1]

On May 23, 2007, Darby filed two pro se Motions– one for the withdrawal of his guilty plea and the second for the appointment of new counsel. On May 31, 2007, Darby's Motion for appointment of new counsel was granted.[2] On October 1, 2007, a hearing was held on the

---

[1]Specifically, the appellate waiver in the plea agreement stated:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law hold cannot be waived.
>
> a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.
>
> b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:
>
>   (1) the defendant's sentence on any count exceeds the statutory maximum for that count as set forth in paragraph 4 above;
>
>   (2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines;
>
>   (3) the sentencing judge, exercising the Court's discretion pursuant to United States v. Booker, 125 S. Ct. 738 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court.
>
> If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

[2]Patrick J. Egan, Esquire, was selected to represent him.

Motion to withdraw the guilty plea. In a Memorandum Opinion dated November 16, 2007, we denied the Motion. See United States v. Darby, No. 06-220, 2007 WL 4081218, at *1 (E.D. Pa. Nov. 16, 2007). We held a sentencing hearing on December 4, 2007, and determined that the offense level under the advisory Sentencing Guidelines was 152 to 175 months imprisonment. Nonetheless, we imposed the parties' recommended sentence of 120 months imprisonment, and a term of supervised release of five years. On December 7, 2007, Darby appealed our denial of his Motion to Withdraw his guilty plea to the Third Circuit Court of Appeals, and on April 16, 2009, that Court affirmed our decision. See United States v. Darby, 322 Fed. Appx. 122 (3d Cir. 2009). Darby filed the instant § 2255 Motion on July 13, 2010, and asserts the following claims:

> 1. his conviction was obtained by a guilty plea that was not made voluntarily in that the guilty plea colloquy was defective and incomplete;
>
> 2. his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest;
>
> 3. his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant; and
>
> 4. he was denied ineffective assistance of counsel in that defense counsel had no intentions of preparing an adequate defense.

(§ 2255 Motion at 5-6.)

## II. STANDARD OF REVIEW

Darby is entitled to relief only if his custody or sentence violate federal law or the Constitution. Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the

> United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. A district court is given discretion in determining whether to hold an evidentiary hearing on a habeas petition under § 2255. See Gov't of the V. I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the court must first determine whether the Petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. See Gov't of the V.I. v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994). Accordingly, a district court may summarily dismiss a motion brought under § 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'" United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting U.S. v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)).

## III.   DISCUSSION

Darby has filed a § 2255 Motion despite agreeing in his plea agreement to waive the right to file such a motion. The government argues that Darby's waiver should be enforced, and his Motion dismissed. We agree.

### A.  Waiver of Collateral Rights

"A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution." United States v. Khattak, 273 F.3d 557, 561 (3d Cir. 2001)(citing United States v. Mezzanatto, 513 U.S. 196, 201 (1995)). Such waivers are enforceable "provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." United States v. Mabry, 536 F.3d 231, 237

(3d Cir. 2008)( citing Khattak, 273 F.3d at 561).

We have "an independent obligation to conduct an evaluation of the validity of a collateral waiver." Id. at 238. Specifically, we must examine the "(1) knowing and voluntary nature, based on what occurred and what defendant contends, and (2) whether enforcement would work a miscarriage of justice." Mabry, 536 F.3d at 237. "Whereas a defendant bears the burden of presenting an argument that would render his waiver unknowing or involuntary, a court has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice, based on the record evidence before it." Id. at 237-238 (citing Khattak, 273 F.3d at 563).

**1. Knowing and Voluntary Nature of the Waiver**

Pursuant to his plea agreement, Darby agreed to waive his right to take a direct appeal, except that he was permitted to take a direct appeal only if the United States appealed from the sentence, or if the sentence exceeded the statutory limits or unreasonably exceeded the guideline range. Darby also agreed to waive his right to file a motion to vacate sentence under 28 U.S.C. § 2255 attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.[3] Darby signed the plea agreement acknowledging that he understood the terms of the agreement. We find the terms of the plea agreement to be sufficient and clear with regard to the waiver of collateral rights.

With regard to whether the waiver was knowing and voluntary we must, at a minimum, "review [ ] the terms of the plea agreement and colloquy and address [ ] their sufficiency." Mabry, 536 F.3d at 239. We have already fully addressed this issue and found it baseless. As

---

[3]See footnote 1.

noted above, after Darby entered his guilty plea on February 5, 2007, he filed a Motion to Withdraw the plea on May 23, 2007. We held a hearing on that Motion on October 1, 2007, and filed a Memorandum Opinion and Order denying the Motion on November 16, 2007. See Darby, 2007 WL 4081218, at *1. Since we have thoroughly considered this issue in our Memorandum Opinion, and our decision was affirmed by the Court of Appeals, see Darby, 322 Fed. Appx. at 122, we will not again discuss it here. Rather than incorporate verbatim the Findings of Fact and Conclusions of Law from our prior Memorandum Opinion addressing this issue, we will, instead, incorporate them by reference in their entirety. See Darby, 2007 WL 4081218, at *2-8.[4]

**2. Miscarriage of Justice**

We next address whether enforcement of the waiver "would work a miscarriage of justice in this case." Mabry, 536 F.3d at 239. We are to use a "common sense approach" and "look to the underlying facts to determine whether a miscarriage of justice would be worked by enforcing the waiver." Id. at 242-243. There is no identified list of specific circumstances to consider before invalidating a waiver as involving a miscarriage of justice. Id. However, the Third Circuit has "endorsed the methodology of the Court of Appeals for the First Circuit," and instructed that we should consider "'the clarity of the error, its gravity, its character ( e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result . . . '" Id. (quoting United States v. Teeter, 257

---

[4]We also note that the sentence that was imposed in this case was less than the statutory maximum of lifetime imprisonment, and did not represent an upward departure or variance from the applicable guideline range. Thus, the circumstances outlined in the plea agreement in which a collateral attack under Section 2255 would be permitted did not occur.

F.3d 14, 25-26 (1st Cir. 2001)).

To date, the Third Circuit has identified only limited circumstances as presenting a miscarriage of justice permitting a collateral challenge to proceed despite the waiver. The Court has stated that an appellate waiver may not be enforced if the defendant should have been permitted to withdraw his guilty plea, United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005); if the defendant did not understand the plea agreement itself due to ineffective assistance of counsel, United States v. Shedrick, 493 F.3d 292, 298 (3d Cir. 2007); if counsel was ineffective in failing to timely file an appeal raising an issue explicitly exempted from the appellate waiver provision, id.; or if the government breached its own obligations under the plea agreement, United States v. Schwartz, 511 F.3d 403, 405 (3d Cir. 2008).

None of these circumstances, however, exist in this case. In fact, as already noted, Darby has already litigated the issue whether he should be permitted to withdraw his guilty plea. We rejected his arguments and denied his Motion. See Darby, 2007 WL 4081218, at *2-8. In the instant § 2255 Motion, Darby attempts to assert that it would be a "miscarriage of justice" to enforce the waiver because his trial counsel was ineffective in that she "had no intentions of preparing an adequate defense." (§ 2255 Motion at 5-6.) We first note that the mere allegation of ineffectiveness of counsel will not automatically invalidate a knowing and voluntary waiver of a collateral attack. Mabry, 536 F.3d at 243.

In Strickland v. Washington, the Supreme Court of the United States set forth a two-prong test for evaluating a claim of ineffective assistance of counsel. 466 U.S. 668 (1984). First, Petitioner must show that counsel's performance was deficient, meaning that counsel made errors so serious as to deprive Petitioner of the "counsel" guaranteed by the Sixth Amendment.

8

Strickland, 466 U.S. at 687. To satisfy this prong, Petitioner must show that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. Id. at 688. Second, even if the Court finds counsel's conduct to have been deficient, Petitioner must nevertheless show that his defense was prejudiced by the deficient performance in order to justify setting aside the verdict. United States v. Griffin, No. 91-612, 1993 WL 34927, at *5 (E.D. Pa. Feb. 9, 1993). To establish the requisite prejudice under this second prong, Petitioner must show that counsel's errors were so serious as to deprive him of a fair trial, i.e., one having a reliable result. Strickland, 466 U.S. at 694.

A finding against the Petitioner under either prong is sufficient to find for the government. United States v. Ciancaglini, 945 F. Supp. 813, 816 (E.D. Pa. 1996). Here, it is clear from our Findings of Fact and Conclusions of Law from our prior Memorandum Opinion concerning the performance of trial counsel regarding her preparation for trial and her actions during the guilty plea colloquy that her performance cannot be deemed "deficient" under Strickland's first prong.[5] See Darby, 2007 WL 4081218, at *2-8. Accordingly, this claim is

---

[5]Darby was specifically asked during his guilty plea colloquy:

> Q   You're entitled to the representation of counsel, not only for this proceeding but all through to the end of the trial and on appeal. Do you understand that?
>
> A   Yes.
>
> Q   You do have counsel. Are you satisfied with counsel?
>
> A   Yes.

(N.T. 4, 2/5/07.)

9

denied, and the Motion dismissed.[6]

An appropriate Order follows.

---

[6]Darby's other claims that his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest and by the unconstitutional failure of the prosecution to disclose evidence favorable to him are wholly without basis in the record, and thus, are denied as well.